# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **EPIC TECH, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **Civil Case No. 4:19-cv-2400** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **FUSION SKILL, INC., TEXAS WIZ,** | § | |
| **LLC d/b/a 8FUSE, JHONNY** | § | |
| **DONNELLY, and ALEXANDER** | § | |
| **GREGORY,** | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT, APPLICATION FOR EMERGENCY TEMPORARY RESTRAINING ORDER, AND REQUEST FOR INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Epic Tech, LLC ("Plaintiff" or "Epic Tech") hereby files this Original Verified Complaint, Application for Emergency Temporary Restraining Order, and Request for Injunctive Relief against Defendants Fusion Skill, Inc. ("Fusion"), Texas Wiz, LLC d/b/a 8fuse ("8fuse"), Jhonny Donnelly ("Donnelly"), and Alexander Gregory ("Gregory") and collectively with Fusion 8fuse, and Donnelly, "Defendants"), and would respectfully show the Court as follows:

## I.
## INTRODUCTORY STATEMENT

1. Plaintiff is a developer and marketer of promotional software programs and games that are used in several states throughout the country. Plaintiff exclusively licenses its software in Texas to certain third parties, who in turn distribute the software to local establishments. Plaintiff has recently discovered that Defendants have gained unauthorized possession of Plaintiff's proprietary sweepstakes software, and have engaged in a scheme to secretly modify, copy, and

distribute the software to unauthorized third parties within the state of Texas. Defendants do not have a license or any other lawful right to Plaintiff's software, and this conduct violates Plaintiff's intellectual property rights and both federal and Texas law. Therefore, Plaintiff now brings this action and seeks, among other things: (1) a temporary restraining order to enjoin Defendants from continuing to use, copy, distribute, or misappropriate Plaintiff's software, including any altered version of its software, (2) the return of any stolen software and equipment, and (3) the recovery of damages and attorneys' fees.

## II.
## PARTIES

2.     Plaintiff Epic Tech, LLC is a limited liability company organized under the laws of the State of Delaware that has its principal place of business in the State of Georgia.

3.     Defendant Fusion Skill, Inc. is a business incorporated under the laws of the State of Texas and maintains its principal place of business at 439 Fredonia Street, Longview, Texas 75601. Fusion may be served with process by serving its registered agent, Hayward Rigano, at 439 Fredonia Street, Longview, Texas 75601, or wherever it may be found.

4.     Defendant Texas Wiz, LLC d/b/a 8fuse is a Texas limited liability company with its principal place of business at 6200 Savoy Drive, Suite 1202, Houston, Texas 77036. 8fuse may be served with process by serving its registered agent, Hayward Rigano, at 439 Fredonia Street, Longview, Texas 75601, or wherever it may be found.

5.     Defendant Jhonny Donnelly is an individual residing in Bowie County, Texas, and may be served with process at 5801 Meadowland Drive, Texarkana, Texas 75503, or wherever he may be found. Donnelly is the director of Fusion and, upon information and belief, is the manager and principal operator of 8fuse.

6. Defendant Alexander Gregory is an individual residing in New York County, New York, and may be served with process at 888 Main Street, Apartment 847, New York, New York, 10044 or wherever he may be found. Upon information and belief, Gregory is a managing member of 8fuse.

### III.
### JURISDICTION AND VENUE

7. This action arises, at least in substantial part, under the copyright, trademark, and patent laws of the United States, 17 U.S.C. § 101 *et seq.*, 15 U.S.C. § 1051 *et seq.*, and 35 U.S.C. § 271 *et seq.*

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338. Additionally, this Court has jurisdiction over the state law claims alleged herein under 28 U.S.C. §§ 1338 and 1367, because these claims are joined with related claims arising under the laws of the United States and because the claims are so related to the federal claims that they form part of the same case and controversy.

9. The Court has personal jurisdiction over Defendants because their unlawful conduct is taking place within at least this judicial district.

10. Venue in this district and division are proper pursuant to 28 U.S.C. §§ 1391 and 1400.

### IV.
### FACTUAL ALLEGATIONS

11. Pursuant to Federal Rule of Civil Procedure 65(b), Plaintiff's factual allegations, as set forth herein, are verified through the sworn declaration of Brendan Mullins (attached as Exhibit 1).

### A.     Epic Tech's Sweepstakes Software

12.     Plaintiff is a developer and marketer of promotional software. In conjunction with its affiliates, it has developed many proprietary software programs. One of these software programs is called Legacy.

13.     The Legacy software is designed to be used as a promotional tool for independent businesses that sell valuable goods and services. When used in accordance with applicable laws, the Legacy product is an effective promotional tool. Customers of the businesses who are licensed to use the Legacy product are provided entries into a computer-based sweepstakes either through the making of a qualified purchase or after following the rules and regulations of the sweepstakes to request entries free of charge. Patrons can then either reveal the results of their entries through using entertaining games available on the computer terminals, or by requesting that the results be immediately revealed. The odds of winning are not affected by whether a patron makes a charitable donation or uses the entertaining graphics to reveal whether a prize was won.

14.     The Legacy system is designed to be hosted on a networked system consisting of: (1) a server, (2) a point of sale terminal, (3) computer terminals for use by customers, and (4) a management terminal (the "System"). The Legacy software is used by each hardware component of the System in order to facilitate the proper functioning of the System, thus it is an integrated system comprised of multiple individual parts.

15.     Below are screen shots of two of Plaintiff's representative Legacy game menus, where patrons can choose a game to play to reveal the results of their sweepstakes entries:





16.    Each of these games includes unique graphics and icons that allow customers to reveal whether they won prizes in an entertaining fashion. For example, the screen shots below depict two such games, one called "Lucky Duck" and the other "Bustin Vegas":





17.     In addition to these games, the System integrates a second promotional system, known as the "Community Prize." This Community Prize system allows customers to participate in a second sweepstakes pool, which uses a countdown eligibility timer. The Community Prize icon can be seen in the lower left-hand corner of the "Lucky Duck" screen shot above, which is blown up in the picture below:



18.     The core of the software is a complex, proprietary system of server-based software that contains the foundational structure for the functioning of the entire sweepstakes system including, but not limited to, highly confidential mathematical formulas developed to conduct the sweepstakes. The code forming this core of the product is never seen by patrons or customers participating in the sweepstakes. It is not even available to businesses that license use of the sweepstakes system. Access to the server is only available to high security level employees of Epic Tech, via sophisticated password protection mechanisms. In addition, the system includes a variety of entertaining games, which all have proprietary names, themes, images, sounds, and even music.

19.     Plaintiff's sweepstakes software was developed from scratch and is unique in the marketplace. Each system includes certain unique and/or hidden features that are a result of the way it was developed and designed. Some of these features are visible to customers (store owners, managers, cashiers, etc.) and/or game participants. Other characteristics of the software are only visible in the code and database structure itself and can only be accessed by a trained software engineer with access to and knowledge of the code. Plaintiff designed these measures specifically to safeguard its intellectual property and to prevent illegal copying or piracy of the software.

20.     The software system is an integrated combination of elements that all function together to deliver the customer sweepstakes experience described above. Plaintiff has devoted substantial time and resources to the design of the System. Competition is fierce in the industry of computer-based sweepstakes promotions. Competitive advantage in the industry is largely dependent upon the quality of the customer experience using the sweepstakes software. As a result, Epic Tech has devoted substantial resources and time to the invention of images and game themes used by the software.

21.     Plaintiff has gone to great lengths to ensure that its software, trade secrets, and confidential and proprietary information is protected from public disclosure and dissemination. To this end, Plaintiff currently includes a "kill code" in the software versions that it licenses, which disables the software in the event that the server is taken offline (which is unauthorized) for more than three days. Further, Plaintiff uses all possible means to repossess any servers, which are always owned by Plaintiff and never by the end user, whenever that licensing relationship ends.

**B.** **Epic Tech's Intellectual Property Protections**

**1.** **Copyright Protections**

22. All of the software for the System, including the images, sounds, and functions of the software, is an original work of authorship, and Plaintiff is the sole and exclusive holder of all rights in and to the software, including all elements of the software system.

23. Plaintiff is the owner by assignment of federal copyright registrations for various icons, graphics, images, and screens used in connection with this software. Attached to the Complaint as Exhibit 1-A are federal copyright registrations that were obtained by and assigned to Epic Tech (collectively, the "Epic Tech Copyright Registrations").

24. For example, the following screen shot depicts the "Lucky Duck" game available through the Legacy System:



25. In connection with images specially designed to be used in Lucky Duck, Plaintiff is the owner of multiple copyright registrations, including Copyright Registration Nos. VA 1-779-200 (cherries), VA 1-745-520 (lucky duck game icons and screens), VA 1-745-457 (double bonus

icon), VA 1-746-300 (duck bonus icon), VA 1-747-784 (lucky seven icon), and VA 1-779-212 (watermelon).

2.     **Trademark Protections**

26.     Plaintiff is the owner by assignment of federal trademark registrations for various names, logos, and other designs that distinctively identify Plaintiff's software.

27.     For example, On March 9, 2010, Plaintiff filed U.S. Trademark Registration No. 3,853,565 in connection with a gamed called "Lucky Duck" for the Lucky Duck name and logo, as shown below.   The trademark was registered on September 28, 2010, and has reached incontestable status.



28.     Epic Tech is also the holder of U.S. Trademark Registration No. 3,955,704 in connection with a game called "Hotter Than" for the Hotter Than name and logo, as shown below. The application for registration for the Hotter Than name and logo was filed on February 17, 2017. The trademark was registered on May 3, 2011, and has reached incontestable status.



29.     Further, Epic Tech holds U.S. Trademark Registrations for the names Bustin Vegas (Reg. No. 3,959,135), Four Leaf Cash (Reg. No. 4,070,403), Fishing Mob (Reg. No. 4,258,782), and Go Bananas (Reg. No. 4,872,885), which relate to corresponding games provided by Epic Tech's software and gaming systems.

30.     These trademark registrations, along with those listed above, are collectively referenced herein as the "Epic Tech Registered Trademarks." True and correct copies of the U.S. Trademark registrations for the Epic Tech Registered Trademarks are attached hereto as Exhibit 1-B and are incorporated herein by reference. The table below provides more information on the Epic Tech Registered Trademarks:

| Registration Number | Trademark | Goods and Services | Status |
|---|---|---|---|
| Reg. No. 4,872,885 | Go Bananas | Software, namely, software for electronic slot and bingo machines, electronic casino games, electronic skill-based games, and electronic sweepstakes games. | Registered. |
| Reg. No. 4,258,782 | Fishing Mob | Gaming equipment, namely, gaming machines. | Registered and incontestable. |
| Reg. No. 4,070,403 | Four Leaf Cash | Gaming equipment, namely, gaming machines. | Registered and incontestable. |
| Reg. No. 3,853,565 | Lucky Duck | Gaming equipment, namely, gaming machines. | Registered and incontestable. |
| Reg. No. 3,959,135 | Bustin Vegas | Gaming equipment, namely, gaming machines. | Registered and incontestable. |
| Reg. No. 3,955,704 | Hotter Than | Gaming equipment, namely, gaming machines. | Registered and incontestable. |

31.     Epic Tech has invested substantial sums of money in developing and promoting the Epic Tech Registered Trademarks as well as the underlying goodwill associated therewith. In addition, Epic Tech currently uses the Epic Tech Registered Trademarks in commerce in connection with software and gaming systems.

32.     The Epic Tech Registered Trademarks are distinctive and, as a result of licensing of electronic sweepstakes systems provided by Epic Tech, the Epic Tech Registered Trademarks have developed and now have a secondary trademark meaning to purchasers and users of sweepstakes systems so that they have come to be recognized by the relevant consuming public as indicating Epic Tech as the source of such systems and games.

**3.     Patent Protections**

33.     On March 7, 2017, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,589,423 ("the '423 patent"), entitled "Method and System for Pre-Revealed Electronic Sweepstakes."  A true and correct copy of the '423 patent is attached hereto as Exhibit 1-C.

34.     Pursuant to 35 U.S.C. § 282, the '423 patent is presumed valid.

35.     Plaintiff is the owner by assignment of all rights, title, and interest in and to the '423 patent, including the right to enforce the '423 patent against infringers.

36.     The '423 patent generally is directed to an electronic sweepstakes system and method.  Claim 10 is exemplary of the inventions claimed in the '423 patent:

> 10.     A method of providing a sweepstakes prize comprising:
>
> a. facilitating, by one or more processors, selection of a plurality of game plays;
>
> b. prior to a visual display of the results of the game plays, determining, by the one or more processors, the prize associated with each one of the plurality of game plays and a

total value for the prizes associated with the first plurality of game plays;

c. prior to a visual display of the results of the game plays, provisionally crediting the total value for the prizes associated with the first plurality of game plays to the user; and

d. providing to the user at least one selection from a group consisting of:

    i. a visual display of the plurality of game plays;

    ii. a code that is associated with the plurality of game plays; and

    iii. a program that is configured to cause a computer to interactively display to the user the results associated with the plurality of game plays.

## C.    Defendants' Infringing Activities

### 1.    Infringement Discovery

37.    Plaintiff licenses Legacy and its other software to certain authorized distributors. Plaintiff and its authorized licensees have the exclusive right to license, use, and share Plaintiff's software.

38.    Defendants have obtained possession of and are distributing a sweepstakes software system known as "8fuse," clearly duplicating many of the icons, graphics, and games featured in Plaintiff's Legacy System. Defendants have no authorization to possess, use, copy, or distribute any of Plaintiff's software. Upon information and belief, and through means unknown to Plaintiff, Defendants have gained possession of Plaintiff's software or access to Plaintiff's files, have copied many aspects of Plaintiff's software, including many of the graphics, icons, and game configurations, and are distributing this copied software without Plaintiff's authorization.

39.    Plaintiff first discovered that Defendants had distributed software infringing on its copyrights and trademarks when it became aware that an infringing software was being operated

at Theo's Billiards, located at 5815 Weber Road, Suite B, Corpus Christi, Texas 78413 ("Theo's"), without authorization. After discovering this rogue operation, Plaintiff was able to ascertain that the developer of the software being operated at Theo's was 8fuse.

40. Plaintiff then reviewed 8fuse's website in order to determine which of Plaintiff's copyrights, trademarks, and patents 8fuse was infringing. In doing so, Epic Tech discovered that the 8fuse software distributed by Defendants and as shown on 8fuse's website contains many identical or substantially similar images, graphics, themes, and functions as Plaintiff's Legacy software.

41. Additionally, on March 27 and 28, 2019, Plaintiff visited Las Vegas, Nevada, for the Amusement Expo International 2019 Trade Show (the "Trade Show"). At the Trade Show, Gregory was operating a booth on behalf of 8fuse wherein Gregory brazenly and unabashedly advertised 8fuse's infringement upon Plaintiff's Legacy System including, specifically, by using the Epic Tech Copyright Registrations and the Epic Tech Registered Trademarks to sell 8fuse products.

42. Upon information and belief, Defendants Donnelly and Gregory operate 8fuse and act through Defendants Fusion and Texas Wiz with respect to the events in question.

**2. Copyright Infringement**

43. Below are side-by-side images of Plaintiff's copyrighted screens and graphics compared to Defendants' 8fuse software as advertised on 8fuse's website, which demonstrate that the two systems are materially identical:



| Plaintiff's Legacy Software | 8fuse Software |
|---|---|
| Reg. No. VA 1-745-520 (lucky duck game icons and screens) | |
| Reg. No. VA 1-747-784 (lucky seven icon) | |
| Reg. No. VA 1-746-300 (duck bonus icon) | |
| Reg. No. VA 1-745-457 (double bonus icon) | |

**PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT, APPLICATION FOR EMERGENCY TEMPORARY RESTRAINING ORDER AND REQUEST FOR INJUNCTIVE RELIEF**

**PAGE 14**

| Plaintiff's Legacy Software | 8fuse Software |
|:---:|:---:|
|  |  |
| Reg. No. VA 1-779-200 (cherries) | |
|  |  |
| Reg. No. VA 1-779-212 (watermelon) | |

44. These screen-shot comparisons confirm without doubt that Defendants are advertising software for sale on the 8fuse website that is directly copied from Plaintiff's software. The graphics, icons, game structure and function, and pay-tables are all materially identical. The only reasonable inference is that Defendants' software is copied or substantially derived from the same core software code as Plaintiff's software.

45. Furthermore, Defendants aided Theo's in operating a sweepstakes that, upon information and belief, had identical game odds, pay tables, and sweepstakes structure as Plaintiff's software.

46. Additionally, Plaintiff has discovered that Defendants have distributed the 8fuse software to numerous sweepstakes locations throughout Texas and other states across the country.

47.     At Theo's, artwork used by the 8fuse software is identical or substantially similar to copyrighted artwork owned by Plaintiff. By way of example, the following photographs were taken at Theo's, showing its operation of 8fuse games:

| Theo's 8fuse Gaming |
|---|
|  |

| Theo's 8fuse Gaming |
|:---:|
|  |
|  |
|  |

48.     These screen shots demonstrate that the 8fuse software Defendants distributed throughout Texas are also copied from Plaintiff's software. Defendants' 8fuse software was not legally obtained from Plaintiff or any other authorized distributor of the Plaintiff's software. Defendants' unauthorized possession, use, and distribution of Plaintiff's software has caused significant and irreparable harm to Plaintiff. Indeed, Defendants' infringement of Plaintiff's intellectual property rights harms Plaintiff, as customers who might otherwise elect to license or use Plaintiff's software may elect to license or use the infringing sweepstakes gaming systems and devices. In addition, by distributing and offering software that is undeniably similar to Plaintiff's software without Plaintiff's oversight or approval, Defendants are exposing Plaintiff to potential legal exposure given that sweepstakes are a highly regulated industry in Texas.

### 3.     Trademark Infringement

49.     Below are side-by-side images of the Epic Tech Registered Trademarks compared to Defendants' 8fuse software names and logos as advertised on 8fuse's website, which demonstrate that many of the trademarks are materially identical:

| Plaintiff's Legacy Software | 8fuse Software |
|---|---|
| FOUR LEAF CASH<br><br>Reg. No. 4,070,403 |  |

| Plaintiff's Legacy Software | 8fuse Software |
|---|---|
| BUSTIN VEGAS<br><br>Reg. No. 3,959,135 | <br> |
| <br><br>Reg. No. 3,853,565 |  |

| Plaintiff's Legacy Software | 8fuse Software |
|---|---|
| <br><br>Reg. No. 3,955,704 | <br> |
| # FISHING MOB<br><br>Reg. No. 4,258,782 |  |

| Plaintiff's Legacy Software | 8fuse Software |
| --- | --- |
| GO BANANAS<br><br>Reg. No. 4,872,885 | GO BANANAS |

### 4. Patent Infringement

50.     The infringing 8fuse electronic sweepstakes gaming systems and methods include, but are not limited to, the JackPot progressive system and the Community Party Board options (collectively, "the 8fuse Accused Products").

51.     8fuse does not have any rights to the '423 patent.

52.     8fuse has infringed and continues to infringe, directly and indirectly, the '423 patent by engaging in acts constituting infringement under 35 U.S.C. § 271(a), (b), and/or (c) by making, using, offering to sell, selling, and/or importing the 8fuse Accused Products within or into the United States without authority from Plaintiff.

53.     Plaintiff therefore brings these claims and application for injunctive relief against 8fuse to enjoin continued infringement and misappropriation of Plaintiff's software, to secure the return of any copies of the software or servers in the Defendants' possession, and to recover money damages and attorney's fees.

## V.
## NECESSITY OF EX PARTE RELIEF

54.     Defendants have utilized improper means to obtain Plaintiff's property, and have flagrantly continued to alter, operate, use, and distribute it for their own financial benefit. The servers and software, and any copies thereof, are highly mobile and can be removed or hidden with even a brief notification, and the software associated therewith is highly mobile and can be relocated on a moment's notice. On several previous occasions, Plaintiff has learned that its software was being operated and sold without license and the infringing party hid the software after being notified that Plaintiff was pursuing legal action. Therefore, Plaintiff seeks *ex parte* relief so that the software and servers can be retrieved by an authorized constable or law enforcement officer until an appropriate hearing on the merits of Plaintiff's claims.

## VI.
## CAUSES OF ACTION

**First Cause of Action**: Copyright Infringement

55.     Plaintiff incorporates by reference the allegations made in the foregoing paragraphs, as if fully copied herein.

56.     Plaintiff is the owner of the Epic Tech Copyright Registrations.

57.     Upon information and belief, none of the games in the 8fuse software being used by Defendants were independently developed or invented by Defendants, but instead were illegally pirated or copied from Plaintiff's software.

58.     Defendants, without authority, and willfully and wantonly, have acted in conscious and intentional disregard of and indifference to the rights of Plaintiff by, among other things, copying, reproducing, possessing, altering, selling, distributing, infringing, publicly displaying,

disclosing, and/or otherwise using and participating in the unauthorized reproduction and display of copyrighted material belonging to Plaintiff without the express or implied consent of Plaintiff.

59.     Defendants knew or reasonably should have known that the software and the works protected by Plaintiff's Copyright Registrations that they were using were protected by copyright.

60.     Defendants' infringement has been willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

61.     Defendants' conduct constitutes a violation of 17 U.S.C. §§ 501, *et seq.*

62.     Defendants' infringing activities continue through the date of the filing of this complaint.

63.     As a direct and proximate result of Defendants' copyright infringement, Plaintiff has suffered, and is suffering, actual, immediate, and irreparable harm for which no adequate remedy exists at law.  Unless immediately restrained and enjoined, Defendants will continue to engage in the acts complained of herein and, therefore, will continue to cause irreparable harm to Plaintiff.

64.     As a direct and proximate result of its wrongful conduct, Defendants have realized and will continue to realize profits and other benefits rightly belonging to Plaintiff.  Accordingly, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to its actual damages plus Defendants' profits from infringement, to be proven at trial.

65.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

**Second Cause of Action: Infringement of Federally Registered Trademarks**

66.     Plaintiff incorporates by reference the allegations made in the foregoing paragraphs, as if fully copied herein.

67.     Plaintiff owns the Epic Tech Registered Trademarks and has continuously and extensively used the marks in nationwide commerce in connection with electronic gaming systems.

68.     Defendants' uses of Plaintiff's federally-registered Epic Tech Registered Trademarks in commerce in conjunction with gaming systems are likely to cause confusion, mistake, or deception of consumers as to an affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities with or by Plaintiff, and such use therefore infringes Plaintiff's trademarks. Such actions violate 15 U.S.C. § 1114(1)(a).

69.     Upon information and belief, Defendants had constructive and actual knowledge of Epic Tech's ownership of and priority rights in the Epic Tech Registered Trademarks prior to Defendants' junior and subsequent infringing uses of the Epic Tech Registered Trademarks. Upon information and belief, Defendants' continued infringing conduct is knowing, intentional, and willful.

70.     As a direct and proximate result of Defendants' trademark infringement, Plaintiff has suffered, and is suffering, actual, immediate, and irreparable harm for which no adequate remedy exists at law. Unless immediately restrained and enjoined, Defendants will continue to engage in the acts complained of herein and, therefore, will continue to cause irreparable harm to Plaintiff.

71.     Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116(a) and destruction of the infringing articles under 15 U.S.C. § 1118.

72.    In addition to injunctive relief, Plaintiff is entitled to recover all actual damages that it has sustained, including Defendants' profits and the costs of this action, under 15 U.S.C. § 1117(a).

73.    For Defendants' willful infringement and exceptional conduct, Plaintiff is entitled to recover treble damages and its reasonable attorneys' fees under 15 U.S.C. § 1117(a).

**<u>Third Cause of Action</u>: Federal Unfair Competition, False Designation of Origin, and False Advertising**

74.    Plaintiff incorporates by reference the allegations made in the foregoing paragraphs, as if fully copied herein.

75.    Defendants' infringing software and electronic gaming systems are of the same or similar nature and have the same or similar forms and purposes of those sold by Plaintiff.

76.    Defendants' actions described above and specifically, without limitation, Defendants' use of marks that are confusingly similar to the Epic Tech Trademark Registrations in the distribution, marketing, promotion, offering for sale, and sale of software and electronic gaming systems, constitute unfair competition and false designations of origin and false descriptions or representations. Such wrongful conduct wrongfully trades on Plaintiff's long-standing and hard-earned goodwill in its Epic Tech Trademark Registrations and the reputation established by Plaintiff in connection with its products, passes-off Defendants' software and electronic gaming systems in commerce as that of Plaintiff, and limits Plaintiff's ability to interact with distributors and end user consumers and gain revenue through the sale of products using the Epic Tech Trademark Registrations.

77.    As a result of Defendants' unlawful use in commerce of marks that are confusingly similar to the Epic Tech Trademark Registrations, consumers are likely to be misled, deceived and

confused as to the origin, sponsorship, or affiliation of Defendants' software and electronic gaming systems.

78.     Defendants' unauthorized and tortious conduct also has deprived and will continue to deprive Plaintiff of the ability to control the consumer perception of its products offered for sale and sold under the Epic Tech Trademark Registrations, placing the valuable reputation and goodwill of Plaintiff in the hands of Defendants.

79.     By engaging in the aforesaid acts, Defendants are unfairly competing with Plaintiff.

80.     The foregoing acts and conduct by the Defendants constitute false designation of origin, passing off, and false advertising in connection with products distributed in interstate commerce in violation of 15 U.S.C. § 1125(a).

81.     Epic Tech will suffer irreparable harm unless Defendants' unlawful conduct is enjoined. As a proximate result of Defendants' actions, Epic Tech has suffered and will continue to suffer damage to its business, goodwill, reputation, profits and strength of the Epic Tech Trademark Registrations. The injury to Epic Tech is ongoing, continuous and irreparable. A monetary award of damages alone cannot fully compensate Epic Tech for its damages caused by Defendants, and Epic Tech lacks an adequate remedy at law.

82.     Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116(a) and destruction of the infringing articles under 15 U.S.C. § 1118.

83.     In addition to injunctive relief, Plaintiff is entitled to recover all actual damages that it has sustained, including Defendants' profits and the costs of this action, under 15 U.S.C. § 1117(a).

84.     For Defendants' willful infringement and exceptional conduct, Plaintiff is entitled to recover treble damages and its reasonable attorneys' fees under 15 U.S.C. § 1117(a).

**Fourth Cause of Action: Contributory and Vicarious Copyright Infringement**

85.     Plaintiff incorporates by reference the allegations made in the foregoing paragraphs, as if fully copied herein.

86.     Plaintiff is the owner of the Epic Tech Copyright Registrations.

87.     Defendants, without authority and willfully and wantonly, have acted in conscious and intentional disregard of and indifference to the rights of Plaintiff by, among other things, inducing, encouraging, and/or contributing to third parties, including sweepstakes locations such as Theo's, to infringe, operate, and otherwise use the unauthorized reproduction and display of copyrighted material belonging to Plaintiff without the express or implied consent of Plaintiff.

88.     Upon information and belief, Defendants had the right and ability to supervise the copyright infringing activities of at Theo's and also had and has a direct financial interest in such activities. As such, Defendants are vicariously liable for the infringing activity of at Theo's.

89.     Defendants knew or reasonably should have known that the software and the works protected by Plaintiff's Copyright Registrations that they were using were protected by copyright and of the infringing activity of other persons and entities that they were aiding.

90.     Defendants' aiding of this infringement has been willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

91.     Defendants' conduct constitutes a violation of 17 U.S.C. §§ 501, *et seq*.

92.     Defendants' aiding of these infringing activities continues through the date of the filing of this complaint.

93.     As a direct and proximate result of Defendants' aiding of this copyright infringement, Plaintiff has suffered, and is suffering, actual, immediate, and irreparable harm for which no adequate remedy exists at law.  Unless immediately restrained and enjoined, Defendants

will continue to engage in the acts complained of herein and, therefore, will continue to cause irreparable harm to Plaintiff.

94.     As a direct and proximate result of its wrongful conduct, Defendants have realized and will continue to realize profits and other benefits rightly belonging to Plaintiff.  Accordingly, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to its actual damages plus Defendants' profits from infringement, to be proven at trial.

95.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

**Fifth Cause of Action: Contributory and Vicarious Trademark Infringement and Unfair Competition**

96.     Plaintiff incorporates by reference the allegations made in the foregoing paragraphs, as if fully copied herein.

97.     Plaintiff owns the Epic Tech Registered Trademarks.

98.     Upon information and belief, Defendants contributed to or induced others, including sweepstakes locations such as Theo's, to commit trademark infringement and unfair competition and/or knew or had reason to know of the impermissible activity of such persons and directly or indirectly supplied materials, including servers, gaming systems, and/or software, to such persons.  As such, Defendants are contributorily liable for trademark infringement and unfair competition.

99.     Upon information and belief, Defendants and Theo's have an apparent or actual partnership, authority to bind one another, and/or joint ownership or control over the accused product herein. As such, Defendants are vicariously liable for the infringing activity of Theo's.

100.     Upon information and belief, Defendants' continued aiding of this infringing conduct is knowing, intentional, and willful.

101.     As a direct and proximate result of Defendants' aiding of trademark infringement, Plaintiff has suffered, and is suffering, actual, immediate, and irreparable harm for which no adequate remedy exists at law. Unless immediately restrained and enjoined, Defendants will continue to engage in the unlawful conduct.

**Sixth Cause of Action: Misappropriation of Trade Secrets Under the Texas Uniform Trade Secrets Act (TUTSA)**

102.     Plaintiff incorporates by reference the allegations made in the foregoing paragraphs, as if fully copied herein.

103.     Through considerable expenditures of time, labor, skill, and money, Plaintiff created and owns numerous trade secrets and confidential and proprietary information relating to its software and games, including the software code.

104.     Plaintiff provides certain third parties with an exclusive license to distribute, use, and share this software in Texas. Plaintiff provides these licenses, in part, to ensure that the licensees operate their establishments, and use Plaintiff's software, within the laws of the State of Texas. Because of Defendants' conduct, Plaintiff cannot ensure that software that is similar to its own is being used in accordance with the law, exposing Plaintiff to potentially unwarranted prosecution.

105.     Plaintiff has made reasonable efforts to maintain the confidentiality of its software and other trade secrets, including, but not limited to, limiting access to the trade secrets and entering into confidentiality or non-disclosure agreements with licensees.

106.    Plaintiff's software and other trade secrets have independent commercial value to third parties because they are not generally known or readily ascertainable through independent development, reverse engineering, or other proper means.

107.    Defendants misappropriated Plaintiff's trade secrets and confidential and proprietary information with the knowledge that they did not have authorization to use such information.

108.    Defendants acquired and subsequently used Plaintiff's trade secrets and confidential and proprietary information through improper means. Defendants improperly obtained Plaintiff's software and used it to their own commercial advantage.

109.    Defendants have also used Plaintiff's trade secrets and confidential and proprietary information to unfairly compete with Plaintiff. By distributing Plaintiff's software, Defendants deliberately confuse the market, and diminish the value of Plaintiff's legitimate software.

110.    As a result, Plaintiff has suffered and/or will continue to suffer irreparable harm for which there is no legal remedy and/or damages in an amount that exceeds the jurisdictional limits of the Court.

111.    Plaintiff seeks permanent injunctive relief as provided by Texas Civil Practice & Remedies Code § 134A.003.

112.    Plaintiff also seeks damages for its actual losses, both general and special, including the lost profits of Plaintiff and/or the profits gained by Defendants, as provided by Texas Civil Practice & Remedies Code § 134A.004(a).

113.    Because the conduct complained of herein was willful and malicious, Plaintiff further seeks exemplary damages against Defendants as provided by Texas Civil Practice &

Remedies Code § 134A.004(b), and its reasonable attorneys' fees and costs under Texas Civil Practice & Remedies Code § 134A.005.

**Seventh Cause of Action: Conversion**

114. Plaintiff incorporates by reference the allegations made in the foregoing paragraphs, as if fully copied herein.

115. Plaintiff has a right to immediate possession of, among other things, Plaintiff's gaming software, associated servers, images, graphics, and screen shots, and its trade secrets and confidential and proprietary information (the "Misappropriated Information").

116. Defendants wrongfully exercised dominion and control over the Misappropriated Information taken by Defendants, and converted same to their own use to the exclusion of Plaintiff, or inconsistent with Plaintiff's rights.

117. Defendants did not acquire possession of the Misappropriated Information by legal means. Without Plaintiff's authorization, Defendants continue to unlawfully retain possession of, exercise dominion and control over, and use the Misappropriated Information inconsistent with Plaintiff's rights.

118. Defendants' wrongful conversion of the Misappropriated Information has proximately caused Plaintiff to suffer damages.

119. Because Plaintiff's injury resulted from Defendants' malice and/or intentional conduct, Plaintiff is entitled to seek, and to recover, exemplary damages from Defendants under Texas Civil Practice & Remedies Code § 41.003(a) in amounts to be determined by the trier of fact.

120. Plaintiff also seeks permanent injunctive relief, including immediate possession of the Misappropriated Information.

**Eighth Cause of Action: Patent Infringement Against Defendant Texas Wiz, LLC (8fuse)**

121.     Plaintiff incorporates by reference the allegations made in the foregoing paragraphs, as if fully copied herein.

122.     8fuse has infringed and continues to infringe, directly and indirectly, at least one claim of the '423 patent.

123.     The 8fuse Accused Products meet at least one claim of the '423 patent, as described in more detail in the preliminary infringement claim chart for exemplary claim 10 attached hereto as Exhibit 2.

124.     8fuse makes, uses, offers to sell, sells, and/or imports the 8fuse Accused Products within or into the United States without authority from Plaintiff.

125.     8fuse therefore directly infringes the '423 patent under 35 U.S.C. § 271(a).

126.     8fuse has actual knowledge of the '423 patent.

127.     8fuse indirectly infringes the '423 patent by inducing infringement by others, such as distributors, retail stores, internet cafes, and consumers, by, for example, instructing and encouraging distributors, retail stores, and internet cafes to advertise and sell the 8fuse Accused Products to consumers within the United States, instructing and encouraging distributors, retail stores, and internet cafes to purchase and use the 8fuse Accused Products in the United States, and instructing and encouraging consumers to purchase and use the 8fuse Accused Products in the United States.  For example, 8fuse offers instruction via its promotional materials, including websites, online videos, and social media.

128.     8fuse took the above actions intending to cause infringing acts by others.

129.     8fuse was aware of the '423 patent and knew that the others' actions, if taken, would constitute infringement of the '423 patent. Alternatively, 8fuse believed that there was a high

probability that others would infringe the '423 patent but remained willfully blind to the infringing nature of others' actions.

130.    8fuse therefore infringes the '423 patent under 35 U.S.C. § 271(b).

131.    8fuse indirectly infringes the '423 patent by contributing to infringement by others, such as distributors, retail stores, internet cafes, and consumers, by offering to sell and/or selling within the United States components that constitute a material part of the inventions claimed in the '423 patent, or components that are used to practice one or more methods covered by the claims of the '423 patent. Such components are, for example, the software that is used in the 8fuse Accused Products.

132.    In the above offering to sell and/or selling, 8fuse knows that these components are especially made or especially adapted for use in an infringement of the '423 patent and that these components are not a staple article or commodity of commerce suitable for substantial non-infringing use, or at least knows there is a high probability of the same and remains willfully blind to it.

133.    8fuse therefore infringes the '423 patent under 35 U.S.C. § 271(c).

134.    8fuse's acts of infringement have caused damage to Plaintiff. Plaintiff is entitled to recover from 8fuse the damages sustained by Plaintiff as a result of 8fuse's wrongful acts in an amount subject to proof at trial.

135.    8fuse has committed and continues to commit acts of infringement under 35 U.S.C. § 271 with the 8fuse Accused Products. In committing these acts of infringement, 8fuse has acted despite an objectively high likelihood that its actions constituted infringement of a valid patent, and 8fuse actually knew or should have known that its actions constituted an unjustifiably high risk of infringement of a valid and enforceable patent.

136.     Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

137.     In addition to injunctive relief, under 35 U.S.C. § 284, Plaintiff is entitled to recover damages adequate to compensate Plaintiff for the infringement, including lost profits, but in no event less than a reasonable royalty, together with interest and costs.

138.     For 8fuse's willful infringement and exceptional conduct, Plaintiff is entitled to recover treble damages under 35 U.S.C. § 284 and its reasonable attorneys' fees under 35 U.S.C. § 285.

**<u>Ninth Cause of Action</u>: Application for Temporary Restraining Order, and Preliminary and Permanent Injunction**

139.     Plaintiff incorporates by reference the allegations made in the foregoing paragraphs, as if fully copied herein.

140.     The relative equities of the parties are best served by permanently enjoining Defendants' actions in using, copying, possessing, or distributing Plaintiff's software.

141.     Given Defendants' intentional and widespread misappropriation, conversion, and theft of Plaintiff's trade secrets and confidential and proprietary information, it is likely that, unless enjoined, Defendants will retain, use, distribute, and/or continue distributing Plaintiff's confidential information. Plaintiff seeks the Court's protection to avoid further dissemination, disclosure, or use of its trade secrets and confidential information or proprietary information.

142.     Based on the foregoing, Plaintiff has shown a probable right to recovery. In addition, it has no adequate remedy at law. Unless enjoined, Plaintiff will suffer, and will continue to suffer, clear, immediate, and irreparable injury from Defendants' use and distribution of misappropriated trade secrets and confidential and proprietary information, including unfair competition with Plaintiff, and continued exposure to lawsuits such as this one.

143.    The harm and loss will continue unless this Court restrains, and ultimately permanently enjoins, this conduct. Plaintiff is therefore entitled to preliminary and permanent injunctive relief. As requested below, Plaintiff respectfully requests the Court to enjoin Defendants from continuing to misappropriate, use, or distribute Plaintiff's software, or any Misappropriated Information, order Defendants to return all copies of such software wrongfully obtained in any current or former form or medium, and order Defendants to disclose the identity and location of any third parties with whom Defendants have shared the software.

144.    The temporary restraining order should be granted *ex parte* because Plaintiff will suffer irreparable injury if Defendants are provided notice of this application before the order is granted. Specifically, Defendants are likely to relocate, copy, and further disseminate Plaintiff's software, the Misappropriated Information, and any altered versions of Plaintiff's Software upon learning of the relief Plaintiff seeks.

## VII.
## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable in this action.

## VIII.
## REQUEST FOR RELIEF

WHEREFORE, premises considered, Plaintiff requests that judgment be entered against Defendants, and that Plaintiff be granted the following relief:

A.    An *ex parte* temporary restraining order and preliminary injunction, thereafter to be made permanent, that:

1.    Enjoins Defendants, including Defendants' agents, employees, attorneys, representatives, and those persons or entities in active concert or participation with them, from using, disclosing, copying, sharing,

relocating, transferring, or distributing to any individuals or entities Plaintiff's trade secrets, confidential and propriety information, or other information relating to Plaintiff's gaming software;

2. Orders Defendants to provide all copies of the software or any device containing Plaintiff's intellectual property in their possession to any Marshall or law enforcement officer until a hearing on the merits.

B. Judgment against Defendants for actual damages, in excess of $75,000, and exemplary, statutory, compensatory, and special damages.

C. Recovery of pre- and post-judgment interest, attorneys' fees, and costs.

D. Order a permanent injunction upon final trial of this cause enjoining Defendants as requested herein.

E. All remedies as provided in 17 U.S.C. §§ 504(b), 504(c), and 505.

F. All remedies as provided in 15 U.S.C. §§ 1116(a), 1117(a), and 1118.

G. All remedies as provided in Texas Civil Practice & Remedies Code §§ 134A.003, 134A.004(a), 134A.004(b), and 134A.005.

H. As to Defendant Texas Wiz, LLC, all remedies as provided in 35 U.S.C. §§ 283, 284, and 285.

I. An accounting for damages.

J. An award and/or imposition of constructive trust on all funds unjustly received by Defendants as a result of the acts alleged herein.

K. Such other and further relief requested herein and/or as to which Plaintiff may be entitled.

Dated: July 3, 2019                    Respectfully submitted,

/s/ Brant C. Martin
Brant C. Martin
  State Bar No. 24002529
  brant.martin@wickphillips.com
Amy E. LaValle
  State Bar No. 24040529
  amy.lavalle@wickphillips.com
Joseph R. Callister
  State Bar No. 24059054
  joseph.callister@wickphillips.com
Ethan A. Minshull
  State Bar No. 24081045
  ethanminshull@wickphillips.com
Paul Merrill Chappell
  State Bar No. 24097489
  paul.chappell@wickphillips.com
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile: (214) 692-6255

**ATTORNEYS FOR PLAINTIFF**