UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EPIC TECH, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Case No. 4:19-cv-02400 |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| FUSION SKILL, INC., TEXAS WIZ, LLC d/b/a 8FUSE, JHONNY DONNELLY, and ALEXANDER GREGORY, | § | |
| | § | |
| *Defendants*. | § | |

## PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Federal Rule of Civil Procedure 37(d)(1), Local Rule 7.1, and 15 U.S.C. § 1116(d)(10), Plaintiff Epic Tech, LLC ("Plaintiff" or "Epic Tech") hereby files this Motion for Expedited Discovery, and in support thereof respectfully state:

### I. INTRODUCTION

Epic Tech hereby requests the Court to allow it to seek limited, expedited discovery prior to the temporary injunction hearing from Defendants Fusion Skill, Inc. ("Fusion"), Texas Wiz, LLC d/b/a 8fuse ("8fuse"), Jhonny Donnelly ("Donnelly"), and Alexander Gregory ("Gregory") and collectively with Fusion 8fuse, and Donnelly, "Defendants"), as well as individuals and entities associated with Defendants. Given the ongoing and serious nature of Defendants' violations, Epic Tech respectfully requests that this Court grant an Order requiring Defendants to provide certain specific, limited discovery prior to the required conferencing and the parties' proposed scheduling order. An expedited schedule is necessary to determine the full extent of the

violations and the damage Defendants have caused prior to the hearing on Plaintiff's Application for Temporary Injunction ("Application for Injunctive Relief").

In this action, Epic Tech seeks to enjoin the continuing copying and distribution of pirated software and damages for harms sustained through this misconduct. The software at issue is being distributed by Defendants to businesses that purportedly offer promotional computer driven sweepstakes games. Plaintiff seeks to prevent Defendants from distributing sweepstakes games that incorporate Plaintiff's copyrights, trademarks, and patents.

As set forth in its Application for Injunctive Relief, Epic Tech has obtained information from multiple sources to confirm that Defendants have—and continue to—distribute sweepstakes games incorporating Epic Tech's intellectual property. Epic Tech files this motion to obtain permission to conduct discovery at an early stage in order to preserve evidence necessary for discovery of the source of the software, and to prevent spoliation of evidence such as destruction, deletion, or loss of the computer files that are the basis for the claims alleged in this action.

Epic Tech seeks only limited discovery on an expedited basis, narrowly tailored to gathering evidence relating to identifying any additional infringing actors, and demonstrating such infringement before evidence is concealed or destroyed. In particular, Epic Tech requests, on an expedited basis: (1) narrow written discovery from Defendants; (2) a deposition of Gregory and a Rule 30(b)(6) representative of 8fuse (if different); (3) a deposition of Donnelly and a Rule 30(b)(6) representative of Fusion (if different); and (4) the right to conduct a Rule 34 inspection; and (5) the depositions of up to three nonparties with knowledge of Defendants' infringing conduct. All such discovery is necessary to learn the extent of Defendants' infringing conduct in preparation for the pending hearing on Plaintiff's Application for Injunctive Relief, and to prevent spoliation of evidence and information.

## II. LEGAL STANDARD

1. Under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by 26(f), except . . . when authorized by these rules, by stipulation, or by court order." FED. R. CIV. P. 26(d)(1). Furthermore, "[a] party must obtain leave of court . . . if the parties have not stipulated to the deposition and . . . the party seeks to take the deposition before the time specified in Rule 26(d). . . ." FED. R. CIV. P. 30(a)(2)(A)(iii). Though the Fifth Circuit has not determined a standard to guide analysis of motions to expedite discovery, courts within the Circuit typically apply a "good cause" standard. *See St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239-40 (S.D. Tex. 2011) (collecting cases).

## III. GROUNDS FOR MOTION

2. Here, Epic Tech has good cause to seek expedited discovery because Defendants are in possession of items and information that affect this Court's determination of Epic Tech's pending Application for Injunctive Relief. Epic Tech has further good cause to seek expedited discovery because Defendants, and entities associated with them, are conducting infringing conduct that must be considered in any injunctive relief, but which has been concealed from Plaintiff, and will remain secret without the limited discovery sought herein.

3. Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings. *El Pollo Loco, S.A. De C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986 (S.D. Tex. 2004). Courts have granted expedited discovery when the party seeking it shows irreparable harm that can be avoided by limited, expedited discovery. *Turner Indus. Grp., LLC v. Int'l Union of Operating Engineers, Local 450*, No. CIV.A. H-13-0456, 2013 WL 2147515, at *3 (S.D. Tex. May 10, 2013).

4. As set for the in detail in the Application for Injunctive Relief, Plaintiff has confirmed that Defendants have improperly created software containing Epic Tech's intellectual property and are distributing that software to multiple locations without authorization. As such, there is a real and immediate threat that Plaintiff will be irreparably harmed by Defendants' unauthorized use, misappropriation, and distribution of Plaintiff's intellectual property. Therefore, Plaintiff seeks a temporary injunction to prohibit Defendants from further harming Plaintiff.

5. Epic Tech has reason to believe that Defendants' software is being offered and distributed to multiple locations in Texas and other states. Discovery is needed on an expedited basis to precisely identify the source of the infringing product in order to prevent further dissemination, and to craft injunctive relief that incorporates as many bad actors as possible.

6. In similar circumstances, the Southern District of Florida has applied a good cause standard and granted early discovery along with a request for an *ex parte* seizure in a trademark counterfeiting case. *See Dell Inc. v. BelgiumDomains, LLC*, No. Civ. 07-22674, 2007 U.S. Dist. LEXIS 98651, at *17-19 (S.D. Fla. Nov. 2, 2007). Plaintiffs there sought to "ascertain the true identities of parties involved in Defendants' operations and the scope of their operations." *Id.* at *17. The court found that good cause existed for accelerated discovery because waiting until routine discovery would prejudice Plaintiff, as was "frequently the case" where a trademark "has been counterfeited and the sources or purchasers of the counterfeit products are unknown to plaintiff." *Id.* at *18-19 (quoting *Fimab-Finanziaria Maglificio Biellese Fratelli Fila S.p.A. v. Kitchen,* 548 F. Supp. 248, 250 (S.D. Fla. 1982)). The court also observed that accelerated discovery "may be particularly appropriate in cases of trademark counterfeiting." *Id.* at *18.[1] This is especially so where, unlike in a case involving tangible counterfeit goods, "the vast majority of

---

[1] As referenced *supra*, the section of the Copyright Act governing remedies for infringement, 17 U.S.C. § 503, expressly incorporates the executory provisions of the Trademark Counterfeiting Act, 15 U.S.C. § 1116.

evidence . . . is in electronic form and subject to quick, easy, untraceable destruction by Defendants." *Id.* at *6.

7. Finally, as stated above, Epic Tech seeks only discovery limited to topics relevant to identifying the original infringer, any subsequent infringers, and to identify additional parties necessary for full injunctive relief. *See Semitool, Inc. v. Tokyo Electron America, Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002) (granting motion for expedited discovery in patent infringement case where request was narrowly tailored). As such, the requests impose minimal burden upon Defendants, yet are critical to Plaintiff's vindication of its rights

8. The discovery sought by Plaintiff will shed light on matters pertinent to the injunction hearing, and is not sought for purposes of harassment or intimidation. Rather, it is highly likely that expedited discovery will produce compelling evidence establishing the Defendants' actual, threatened, and/or inevitable misappropriation and disclosure of Plaintiff's confidential and proprietary information and trade secrets to Plaintiff's detriment. Therefore, expedited discovery is particularly appropriate in this case to demonstrate the likelihood of future harm to Plaintiff, which would be irreparable by monetary damages.

9. Plaintiff represents to the Court that they are likewise willing to produce relevant documents and witnesses to Defendants on an expedited basis in order to allow Defendants to conduct reasonable and necessary discovery prior to the hearing on the injunction.

10. To ensure that the parties have been able to adequately gather and tender all relevant information before the Court is asked to determine whether to grant injunctive relief, it is necessary that the Court enter an order allowing expedited discovery.

## IV.     PROPOSED DISCOVERY SCHEDULE

For the above-stated reasons, Epic Tech respectfully requests the Court to enter an order allowing expedited discovery on the issues arising out of the allegations set forth in the Application for Injunctive Relief on the following schedule:

a) The Parties can each serve up to ten (10) requests for production and/or inspection pursuant to Federal Rule of Civil Procedure 34, and up to five (5) interrogatories pursuant to Federal Rule of Civil Procedure 33, and that the responses thereto and corresponding responsive, non-privileged documents be due within five (5) days of service.

b) Plaintiff can conduct a Rule 34 inspection any computers, servers, computing devices, electronic media, and storage devices in Defendants' possession that contain the Plaintiff's intellectual property, or any version of Plaintiff's software, upon five (5) calendar days' notice, at a mutually agreeable time and location to be determined.

c) Plaintiff can depose Gregory upon five (5) calendar days' notice in preparation for the temporary injunctive relief sought in the Application for Injunctive Relief. Plaintiff is authorized to first depose Gregory prior to any other depositions in this matter. This deposition shall be at a mutually agreeable time and location to be determined. This deposition shall be without prejudice to taking additional depositions of Gregory at a later time.

d) If Gregory is not the corporate representative of 8fuse, then Plaintiff also can depose a representative of 8fuse upon five (5) calendar days' notice in preparation for the temporary injunctive relief sought in the Application for Injunctive Relief. This deposition shall be at a mutually agreeable time and location to be determined. This deposition shall be without prejudice to taking additional depositions at a later time.

e) Plaintiff can depose Donnelly upon five (5) calendar days' notice in preparation for the temporary injunctive relief sought in the Application for Injunctive Relief. This deposition shall be at a mutually agreeable time and location to be determined. This deposition shall be without prejudice to taking additional depositions of Donnelly at a later time.

f) If Donnelly is not the corporate representative of Fusion, then Plaintiff also can depose a representative of Fusion upon five (5) calendar days' notice in preparation for the temporary injunctive relief sought in the hearing on Application for Injunctive Relief. This deposition shall be at a mutually agreeable time and location to be determined.

This deposition shall be without prejudice to taking additional depositions at a later time.

g) Defendants may depose the corporate representative of Plaintiff, after Gregory and Donnelly are deposed, upon five (5) calendar days' notice in preparation for the temporary injunctive relief sought in the Application for Injunctive Relief. This deposition shall be at a mutually agreeable time and location to be determined. This deposition shall be without prejudice to taking additional depositions at a later time.

h) The Parties may depose an additional three (3) non-party individuals and/or entities who, upon information and belief, possess documents and/or information pertaining to the temporary injunctive relief sought in the Application for Injunctive Relief. For example, Plaintiff requests the right to depose the owner of any establishments that have been supplied Plaintiff's software by Defendants. These depositions shall be at a mutually agreeable time and location to be determined. These depositions shall be without prejudice to taking additional depositions at a later time.

i) Unless otherwise agreed to by the parties, any party deponent who receives a request for production with a Notice of Deposition hereunder shall produce by hand-delivery, email, or facsimile to counsel of record for the opposing party, no later than twenty-four (24) hours prior to the deposition, all records, documents, and tangible things responsive to the request for production, subject to any proper objections raised thereto.

j) Unless otherwise agreed by the parties, the parties may serve written discovery, deposition notices, and any other discovery material by regular mail, expedited mail, facsimile, or electronic mail, and the party serving such material shall be deemed to have effectuated service in accordance with the Federal Rules of Civil Procedure on the day of its receipt of the material so long as the material is received no later than 5:00 p.m. prevailing time.

## V. CONCLUSION AND PRAYER

For the foregoing reasons, Plaintiff Epic Tech respectfully requests that the Court permit limited, expedited discovery to commence immediately and for such other and further relief as the Court may deem just and proper.

Dated: July 10, 2019

Respectfully submitted,

*/s/ Brant C. Martin*
Brant C. Martin
  State Bar No. 24002529
  brant.martin@wickphillips.com
Amy E. LaValle
  State Bar No. 24040529
  amy.lavalle@wickphillips.com
Joseph R. Callister
  State Bar No. 24059054
  joseph.callister@wickphillips.com
Ethan A. Minshull
  State Bar No. 24081045
  ethanminshull@wickphillips.com
Paul Merrill Chappell
  State Bar No. 24097489
  paul.chappell@wickphillips.com
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile: (214) 692-6255

**ATTORNEYS FOR PLAINTIFF**