United States District Court
Southern District of Texas
**ENTERED**
July 11, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EPIC TECH, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Case No. 4:19-cv-02400 |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| FUSION SKILL, INC., TEXAS WIZ, | § | |
| LLC d/b/a 8FUSE, JHONNY | § | |
| DONNELLY, and ALEXANDER | § | |
| GREGORY, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER GRANTING APPLICATION FOR
## EMERGENCY TEMPORARY RESTRAINING ORDER

The Court considered Plaintiff Epic Tech, LLC's ("Plaintiff" or "Epic Tech") Original Verified Complaint, Application for Emergency Temporary Restraining Order, and Request for Injunctive Relief (the "Application for Injunctive Relief"). The Court finds that it appears clear from specific facts shown by the Application for Injunctive Relief that immediate and irreparable injury, loss, or damage will result to Plaintiff's property, irrespective of any remedy at law, before notice can be served and hearing had thereon, in that Defendants have performed, are performing, or are about to perform acts unlawfully using, distributing, and/or misappropriating Plaintiff's trade secrets, confidential and proprietary information, copyright registrations, registered trademarks, and, upon information and belief, duly and legally issued patent, which would tend to render judgment in this suit ineffectual, and accordingly it is:

ORDERED that Plaintiff's Application for Injunctive Relief should be, and hereby is, GRANTED.

Accordingly, the Court makes the following findings and orders:

1. This Order applies to Jhonny Donnelly ("Donnelly"), Alexander Gregory ("Gregory"), Fusion Skill, Inc. and its owner(s), employees, agents, and representatives, known or unknown ("Fusion"), and Texas Wiz, LLC d/b/a 8fuse and its owner(s), employees, agents, and representatives, known or unknown ("8fuse" and collectively with Donnelly, Gregory, and Fusion, "Defendants").

2. The Court has personal jurisdiction over the parties. Plaintiff has complied with applicable notice rules and otherwise satisfied all procedural requirements necessary for the issuance of this Order.

3. Plaintiff has presented evidence that Defendants have misappropriated Plaintiff's software, trade secrets, confidential and proprietary information, copyright registrations, registered trademarks, and, upon information and belief, patent rights, and have otherwise violated binding obligations and applicable law. More specifically, Defendants have used, copied, and distributed Plaintiff's sweepstakes software, without authorization or license, to the detriment of Plaintiff.

4. The Court finds that immediate and irreparable harm would occur to Plaintiff if its trade secrets, confidential and proprietary information, copyright registrations, registered trademarks, and duly and legally issued patent are used or disclosed, that substantial benefit would result to a competitor of Plaintiff, that no adequate remedy at law exists, and that Defendants must be enjoined from retaining, using, and/or disclosing Plaintiff's confidential information.

Therefore, it is ORDERED that Defendants are enjoined as follows:

A. Defendants and, as applicable, their collective and respective agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, are hereby restrained and enjoined against:

      1.      Using, disclosing, copying, sharing, relocating, transferring, or distributing to any individuals or entities Plaintiff's trade secrets, confidential and proprietary information, copyright registrations (as shown in Exhibit A to this Order), registered trademarks (as shown in Exhibit B to this Order), duly and legally issued patent (as shown in Exhibit C of this Order), or other information relating to Plaintiff's gaming software; and

      2.      Offering, sponsoring, or assisting others in offering or sponsoring any sweepstake promotions that use Plaintiff's trade secrets, confidential and proprietary information, copyright registrations, registered trademarks, and/or duly and legally issued patent.

B.    Defendants are further ordered to, within three (3) days from service this Order, provide all computers, servers, computing devices, electronic media, and storage devices in Defendants' possession, custody, or control, that contain Plaintiff's trade secrets, confidential and proprietary information, copyright registrations, registered trademarks, and/or duly and legally issued patent to (a) any constable or law enforcement officer in possession of the Order, or (b) to Plaintiff, or any representative of Plaintiff in possession of the Order to hold such software and/or servers in trust pending the Court's order at the temporary injunction hearing.

C.    Defendants are further ordered to, within five (5) days from service this Order, provide a list containing the names and contact information for all third parties to whom Defendants have provided games utilizing Plaintiff's trade secrets, confidential and proprietary information, copyright registrations, registered trademarks, and/or duly and legally issued patent.

It is further ORDERED that the hearing on Plaintiff's Application for Temporary Injunction shall commence on July 19, 2019 at _1:30 a.m./p.m._ in this Court, and that Defendants appear and show cause, if any exists, why this Temporary Restraining Order should not be continued as a temporary injunction.

It is further ORDERED that, prior to the issuance of such a Temporary Restraining Order, Plaintiffs shall file a bond with the District Clerk in the amount of $10,000 by check and/or good

and sufficient sureties, which amount the Court finds will adequately protect the interests of Defendants, pending a hearing on Plaintiff's Application for Temporary Injunction.

It is further ORDERED that, upon filing of the bond or deposit in lieu required herein, that the District Clerk shall prepare and issue this notice of Temporary Restraining Order for service upon Defendants.

SIGNED on the _10th_ day of _July_ 2019.

_____
JUDGE PRESIDING