United States District Court
Southern District of Texas
**ENTERED**
July 17, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EPIC TECH, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-02400 |
| | § | |
| FUSION SKILL, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM & ORDER

On June 29, 2020, the Court held a hearing, in accordance with *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996), to address the parties' claim construction disputes in this matter. At the hearing, the Court reached constructions as to most disputed claim terms, as memorialized in this Court's July 7, 2020 order (Doc. No. 121). The Court, however, asked that the parties give further consideration to the term "the results," and requested supplemental briefing on the term "game plays." Having received both a status report and supplemental briefing from the parties, the Court issues this memorandum and order to address those two remaining terms.

I.   **"the results"**

This term appears in claims 1, 3, 4, 9, 10, 14, 15, and 18 of the '423 Patent. Plaintiff initially argued that the term needs no construction. At the *Markman* hearing, however, it was agreed that some construction is needed in order to clarify the difference between the terms "the results" and "the prize," the latter of which the Court construed to mean "prize (winnings) awarded for a winning (non-zero) outcome." The Court requested that the parties further confer regarding the construction of "the results," and that if no agreement could be reached, that Plaintiff submit a

1

proposed construction for the term "the results." The parties were unable to reach an agreement. Plaintiff now proposes the construction "a winning (non-zero) outcome or losing (zero) outcome." Defendants now propose the construction "a graphical representation reflecting whether the electronic entry is a winning (non-zero) outcome or a losing (zero) outcome."

To determine the scope and meaning of a claim, a court should examine the claim language, written description, prosecution history, and any relevant extrinsic evidence. *See Phillips v. AWH Corp.,* 415 F.3d 1303, 1315–19 (Fed.Cir.2005) (en banc). The claim language of Patent '423 makes clear that results can be provided to the user in various fashions. Of particular relevance here is the fact that results can be provided to the user through "a visual display of the results" (claims 1, 10, 18), or in such a way that the user is "immediately notif[ied]" of the amount of each prize (claim 14). The specifications support this understanding:

> If the customer elects to display his sweepstakes entries, he may have *the option to display the sweepstakes results all at once or utilize an entertaining display to reveal the results one by one*. In some operations, the entertaining display may be designed to mimic slot machine reels, a bingo game, a keno game, a poker game, or a similar casino-style game. The games themselves have no impact on the outcome of the sweepstakes. The sweepstakes entries received by the customer are already predetermined as winners or losers—the customer merely uses the game as an entertaining way to reveal that result.

'423 Patent at 3:11-24 (emphasis added). The fact that results can be immediately revealed to users without use of an entertaining display suggests that Defendants' proposed construction is overly narrow. The last sentence of the above specification also lends support to Plaintiff's proposed construction by associating "result" with the winning (non-zero) outcome or losing (zero) outcome of sweepstakes entries. Other portions of the specifications also favor Plaintiff's construction. For example, the specifications speak of users being provided, on some embodiments, with "the sum of all results from the selected sweepstakes entries." Defendants' proposed construction struggles to accommodate this language, since graphical representations cannot be summed.

2

Defendants argue that the prosecution history favors their proposed construction because, in attempting to distinguish *Lind* as prior art, Plaintiff asserted that both the prior art and the present invention have "results – the entertaining graphic display associated with the sweepstakes entries," before distinguishing the invention from *Lind* on another basis. (Doc. 91-8, EPIC1803–4). However, a disavowal of claim scope must be "clear and unmistakable." *Continental Circuits LLC v. Intel Corporation*, 915 F.3d 788, 797 (Fed. Cir. 2019). Because Plaintiff's focus in this discussion was on describing *Lind*, rather than the claimed invention, and distinguishing the two on unrelated grounds, this single remark does not amount to a clear and unmistakable disavowal.

Finally, the Court notes that the term "the results" frequently occurs as part of the phrase "a visual display of the results," in the claim language itself. However, the parties have asked the Court to construe the term "the results," and not the phrase "a visual display of the results." Because the "visual display" concept is already present in the claims, it is unnecessary to build that concept into the construction of "the results." Moreover, even if Defendants had asked the Court to construe the entire phrase "a visual display of the results," Defendants have not persuaded the court that a "visual display" is equivalent to a "graphical representation."

For all of the above reasons, the Court determines that a person of ordinary skill in the art would understand that "the results" means "a winning (non-zero) outcome or losing (zero) outcome." The Court therefore adopts Plaintiff's proposed construction.

**II.  "game plays"**

This term appears in claims 10, 14, 15, and 17 of the '423 Patent. Plaintiff originally proposed that "game plays" should be accorded its plain and ordinary meaning. Plaintiff now proposes the construction "one or more plays of a game associated with an electronic sweepstakes entry." Defendants propose the construction "one or more plays of a skill-based game."

The parties agree that the term "game plays" refers to "one or more plays of" a game, but disagree over the scope of the term "game." On Plaintiff's proposed construction, the game is "associated with an electronic sweepstakes entry." Defendants' proposed construction, in contrast, limits the game, and therefore the scope of independent claim 10, to "a skill-based game," such as is disclosed in Figure 4 and the corresponding section of the specification at 8:28-9:5.

The court acknowledges the close parallels between independent claim 10 and the disclosure of Figure 4, which is directed to a skill-based game that is based on a sweepstakes game. However, the term "skill-based" is not found in claim 10, or any of its dependent claims. Indeed, claim 9, which instead depends from claim 1, is the only claim in the '423 Patent that uses the phrase "skill-based games." Moreover, the specifications describing the skill-based embodiment make clear that, when a skill-based game is involved, users must satisfy certain predetermined criteria before the prizes are fully credited their accounts. '423 Patent, 8:50-9:4. There is no such limitation in claim 10. The additional step of requiring satisfaction of a predetermined criteria is found in dependent claims 12 and 16. But this fact supports Plaintiff's argument because the doctrine of claim differentiation instructs that the scope of the independent claim 10 must be broader than the scope of the dependent claims 12 and 16. *See Acumed LLC v. Stryker Corp.*, 483 F.3d 800, 806 (Fed. Cir. 2007) ("[T]he presence of a dependent claim that adds a particular limitation raises a presumption that the limitation in question is not found in the independent claim."). It is also notable that claims 11 and 14 specify ways for the provisionally credited results to be revealed and/or fully credited to the user without the satisfaction of a predetermined criteria. This would not be possible if claim 10 were limited solely to skill-based games.

Accordingly, the Court finds that defendants' proposed construction is overly narrow, and instead adopts Plaintiff's proposed construction. A person of ordinary skill in the art would

understand that "game plays" means "one or more plays of a game associated with an electronic sweepstakes entry."

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, this the 16th day of July, 2020.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE